# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **LINCOLN BENAVIDES,** | ) | **Civil Action No. 7:15cv00227** |
|     **Petitioner,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **v.** | ) | |
| | ) | **By: Norman K. Moon** |
| **CHRISTOPHER ZYCH,**[1] | ) | **United States District Judge** |
|     **Respondent.** | ) | |

Lincoln Benavides, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant 28 U.S.C. § 2241, challenging a disciplinary proceeding that resulted in, *inter alia*, the loss of good conduct time ("GCT"). Respondent filed a motion for summary judgment and this matter ripe for disposition. For the reasons stated herein, I will grant respondent's motion for summary judgment.

## I.

On March 7, 2014, while housed at the Federal Correctional Institution in Gilmer County, West Virginia ("FCI Gilmer"), Benavides received an incident report that charged him with violating Prohibited Act Code 297, Use of Telephone for Abuses Other than Criminal Activity.[2] On the same day, Benavides was advised of his right to remain silent at all stages of the disciplinary process and Benavides told the investigator that he was guilty. A Unit Disciplinary Committee ("UDC") hearing was held and, regarding the charges, Benavides told the UDC, "[i]t is true." Based on the incident report and Benavides' admission of guilt, the UDC referred the charge to the Disciplinary Hearing Officer ("DHO") for further action.

---

[1] Benavides names Warden Russel Perdue as respondent to this action. However, Christopher Zych is Warden of the United States Penitentiary in Lee County, Virginia, where Benavides is currently housed and, therefore, I will substitute Zych as the proper respondent. *See* 28 U.S.C. § 2242, 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

[2] The incident report states that, while monitoring recorded inmate telephone calls, an officer discovered another inmate using Benavides' telephone account on March 7, 2014. The officer made this determination based on statements made and nicknames used during the telephone call.

On March 11, 2014, Benavides was given a "Notice of Discipline Hearing Before the DHO" form and advised of his rights concerning the hearing. Benavides indicated that he did not wish to have a staff representative or witnesses. On April 1, 2014, a DHO hearing was conducted. Benavides admitted giving another inmate access to his telephone account so that the other inmate could use the telephone. The DHO found that Benavides violated Prohibited Act Code 297A, Use of a Telephone for Abuses Other than Criminal Activities (Aiding), and imposed the following sanctions: disallowance of 27 days of GCT, 20 days of disciplinary segregation (suspended pending 180 days of clear conduct), 90 days of lost telephone privileges, and an additional 90 days of lost telephone privileges (suspended pending 180 days of clear conduct). The DHO documented that the sanctions were imposed because the use of a telephone in this manner poses a serious threat to the ability of the staff to control the use of the telephone, it is important to the security of the institution that inmates be allowed to contact only those persons authorized, to hold Benavides accountable for his behavior, to deter him from engaging in similar behavior in the future, and to serve as an incentive to keep Benavides from committing additional prohibited acts. Benavides was advised of his appeal rights and was provided a copy of the DHO report on April 10, 2014. Benavides appealed the disciplinary action to no avail.

Benavides filed a habeas petition pursuant to § 2241, alleging that: 1) he was denied his right to a staff representative at the disciplinary hearing, 2) he was charged with the wrong Prohibited Act code, 3) "progressive discipline" was not utilized, and 4) he was punished more severely based on his race. Benavides seeks expungement of the disciplinary conviction and all references to it in his records, restoration of his good conduct time, and that the FCI Gilmer officials be reprimanded for discriminating.[3]

---

[3] The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty or property without due process of law." U.S. Constitutional Amendment XIV § 1. "An inmate has a liberty interest in good time credit and no state may constitutionally deprive him of that good time credit without due

## II.

Benavides alleges that his right to a staff representative at the disciplinary hearing was violated because his staff representative was not provided sufficient advanced notice of the hearing and was not able to review the phone recording. However, the uncontroverted record demonstrates that Benavides was given the opportunity to request a staff representative and declined one. Moreover, there is no general constitutional right of an inmate to have a staff representative in prison disciplinary hearings. *Hudson v. Hedgepath*, 92 F.3d 748, 751 (8th Cir. 1996); *Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009). Due process requires that inmates be provided with the aid of a staff representative only where the inmate is illiterate or "the complexity of the issue[s] make it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974); *Hedgepath*, 92 F.3d at 751. In this case, there is no evidence that Benavides is illiterate or that the issues were so complex as to require a staff representative. Based on the foregoing, I conclude that Benavides' allegation does not state a viable due process claim and, therefore, I will grant respondent's motion for summary judgment as to this claim.[4]

## III.

Benavides alleges that he was charged with the wrong Prohibited Act code. He was charged with Prohibited Act Code 297, Use of the telephone for abuses other than illegal activity

---

process of law." *Moses v. Bledsoe*, No. 1:03cv149, 2004 U.S. Dist. LEXIS 28924, at *6, 2004 WL 3317657, at *2 (N.D.W. Va. 2004). Certain procedural safeguards apply when loss of statutory GCT is at issue. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). These due process protections include: 1) advance written notice of the charges, 2) a hearing before an impartial decision maker, 3) the opportunity to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, 4) an opportunity for non-attorney representation if the inmate is illiterate or the disciplinary hearing is complex, and 5) a written decision setting forth the evidence relied upon and the reasons for the disciplinary action. *Id.* at 563-71. These protections only apply as to Benavides' loss of GCT and not to the other sanctions imposed upon him.

[4] Further, to the extent Benavides claims that BOP procedure was violated, his allegations fail to state a federal claim. The constitutional protections afforded to inmates are limited, and a claim that prison officials have not followed their own policies or procedures does not amount to a constitutional violation. *See United States v. Caceres*, 440 U.S. 741 (1978); *see also Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

3

which circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number called; or to commit or further a High category prohibited act. *See* Docket No. 10-6. Benavides alleges that he should have been charged with Prohibited Act Code 397, Use of the telephone for abuses other than illegal activity which *do not* circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number called; or to commit or further a Moderate category prohibited act. *Id.* (emphasis added).

"[R]evocation of good time does not comport with 'the minimum requirements of procedural due process,' . . . unless the findings of the prison disciplinary board are supported by some evidence in the record." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). The "some evidence" standard is a lenient one, requiring no more than a "modicum of evidence," and is met if there is any evidence in the record that could support the decision. *Id.* at 455-56.

Benavides was given an incident report that charged him with Prohibited Act Code 297. At the DHO hearing, Benavides admitted that he gave another inmate access to his telephone account so that the other inmate could talk on the telephone. In making the final determination, the DHO specifically noted that Benavides' conduct of giving the other inmate access to Benavides' telephone account circumvented the telephone monitoring procedures.

There is clearly "some evidence" supporting the finding that Benavides' conduct violated Prohibited Act Code 297 because it circumvented monitoring procedures. Moreover, other courts have upheld a DHO's finding of guilt under Prohibited Act Code 297 for the same conduct at issue here. *See Mehta v. O'Brien*, No. 1:10cv200, 2011 WL 1790440, at *5 (N.D. W.Va. Mar. 29, 2011) ("some evidence" supported DHO's finding that the inmate committed violation of code 297) (citing *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985)); *Saeed v. Pugh*, No. 4:14CV0871, 2014 WL 4966357, at *2 (N.D. Ohio Oct. 3, 2014) (upholding

4

the DHO's application of code 297 over code 397 because the inmate's conduct "circumvented the staff's ability to monitor his telephone use," and thus "some evidence" existed to justify the DHO's finding). Accordingly, I conclude that Benavides' claim is without merit and will grant respondent's motion for summary judgment as to this claim.

## IV.

Benavides alleges that "progressive discipline" was not used by the incident report writer or the DHO. In support of this claim, Benavides states that his violation was not a repetitive violation "of a same prohibited act within a[n] 18-month time period," and, therefore, "could not have warranted the high[] severity prohibited act violation." While the BOP's inmate discipline policy does not provide for "progressive discipline," it does allow for additional sanctions for repetitive or repeated prohibited acts within the same severity level. Thus, repetitive prohibited acts may change the sanctions imposed, but would not necessarily change the code violation charged. In this case, the sanctions imposed on Benavides were within the range of sanctions available for a first-time violation of a high severity prohibited act. *See* Docket No. 10-6. Accordingly, I conclude that Benavides' claim has no merit and will grant respondent's motion for summary judgment as to this claim.

## V.

Finally, Benavides alleges that he was punished more severely based on his race. In support of this claim, Benavides states that the DHO punishes black inmates with twice the disallowance of good conduct time than what he punishes white inmates charged with high severity prohibited acts.[5] To establish an equal protection violation, Benavides must demonstrate

---

[5] It is unclear whether Benavides is alleging that the specific DHO assigned to his disciplinary proceeding treats black and white inmates differently or whether he is alleging that DHOs in West Virginia, generally, treat black and white inmates differently. Either way, Benavides' allegations are too vague and conclusory. And, despite being given the opportunity to do so, Benavides did not respond to the motion for summary judgment to cure this

5

that he has been "treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Benavides makes no showing that he was similarly situated to other inmates and alleges no facts supporting the conclusion that even if there was disparate treatment of inmates, it was the result of intentional or purposeful discrimination. Benavides' allegations are far too vague and conclusory to state a constitutional claim and, therefore, I will grant respondent's motion for summary judgment as to this claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## VI.

For the reasons stated herein, I will grant respondent's motion for summary judgment.

**ENTER**: This 9th day of January, 2017.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

deficiency. Moreover, to the extent Benavides is raising a due process claim concerning the impartiality of the tribunal, his claim is still too vague and conclusory.

6